UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER LEWIS,

      Plaintiff,

v.

WILLIAM POLLARD,
PETER ERICKSEN,
C.O. II VANLOO, DILLEN BERG,
C.O. GIFFIN, MICHAEL BAEDEN,
and JEANANNE G. ZWIERS,

      Defendants.

Case No. 11-CV-280-JPS

ORDER

    The plaintiff, Christopher Lewis, who is incarcerated at the Green Bay Correctional Institution, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated by correctional staff. On May 23, 2011, the court found that the plaintiff's lengthy complaint violated *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), insofar as it contained unrelated claims against 20 different defendants. Accordingly, the court directed the plaintiff to file an amended complaint no later than July 8, 2011, that contained only properly related claims. Initially, the plaintiff responded by filing a motion for leave to appeal *in forma pauperis* on June 21, 2011. However, the plaintiff subsequently sought an extension of time to file an amended complaint, which he then filed on July 20, 2011, along with a motion to stay this action. Finally, the plaintiff filed a motion to appoint counsel on July 25, 2011.

    The plaintiff wants to appeal the court's decision requiring him to file an amended complaint. However, the plaintiff can only take an interlocutory appeal of an otherwise unappealable order if the order "involves a

controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). That standard is not satisfied here. In his statement of issues on appeal, the plaintiff explains that he wanted to consolidate various claims against 24 different defendants into a single case "due to his indigency, which would only be practical in this situation." (Docket #31 at 3). This is an improper reason to consolidate claims. As the Court of Appeals for the Seventh Circuit explained in *George*, unrelated claims against different defendants belong in separate lawsuits "to ensure that prisoners pay the required filing fees" as required by the Prison Litigation Reform Act. 507 F.3d 605 at 607. Therefore, the plaintiff's motion for leave to appeal *in forma pauperis* will be denied, as will be his motion to stay this action pending appeal.

The plaintiff's motion for an extension of time to file his amended complaint due to delays in obtaining photocopies will be granted, as the amended complaint was filed within a reasonable period under the circumstances. The plaintiff's amended complaint names seven defendants: former Warden William Pollard, current Warden Michael Baeden, Security Director Peter Ericksen, Health Services Unit Manager Jeananne Zwiers, and Correctional Officers Vanloo, Giffin, and Berg. The amended complaint and its exhibits allege that the plaintiff has been subjected to sewage odors in his cell since June 18, 2010. These odors cause headaches which have not been effectively treated, and he has been mocked by correctional officers who believe or pretend to believe that his poor hygiene causes the smell in his cell. The plaintiff has filed complaints regarding the sewage smell and his mistreatment, and he contends that the defendants have retaliated against

him by tampering with his food and medication and filing a false conduct report against him.

The allegations of mockery and verbal harassment fail to state a claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of derogatory language, while unprofessional and deplorable, does not violate the Constitution.") and *Dobbey v. Ill. Dep't of Corrs.*, 574 F.3d 443, 446 (7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment."). However, the plaintiff may proceed on an Eighth Amendment claim that he was sickened by the sewage odors in his cell, and that he was deprived of effective medical treatment and medication. The plaintiff may also proceed on a claim under the First Amendment for retaliation. *See Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) ("[A] prisoner can sufficiently state a claim for relief when he alleges that prison officials issued baseless disciplinary tickets against him in retaliation for pursuit of administrative grievances.").

The plaintiff has also filed a motion for the court to appoint counsel to represent him, stating that he dropped out of school in the tenth grade due to mental health issues and does not have the legal experience to litigate this case on his own. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e) is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id.* at 654-55. Because the plaintiff has documented his unsuccessful efforts to retain an attorney, the court must consider the question of "whether the plaintiff appears competent to litigate his own claims, given their degree of

difficulty." *Id.* at 655. The plaintiff has prior litigation experience, having represented himself in another civil rights case in this court related to his confinement, 09-CV-138. In that case, the plaintiff appeared *pro se* on claims that correctional officers failed to protect him from another inmate and unlawfully retaliated against him. His *pro se* filings were generally coherent, and were adequate to withstand a motion for summary judgment. In this case as well, the plaintiff's filings appear competent, and his claims are not unduly difficult. Therefore, at this point in the proceedings, the plaintiff's motion for counsel will be denied without prejudice.

Accordingly,

IT IS ORDERED that the plaintiff's motion to proceed *in forma pauperis* on appeal (Docket #29) be and the same is hereby DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for an extension of time to file an amended complaint (Docket #39) be and the same is hereby GRANTED.

IT IS FURTHER ORDERED that the plaintiff's motion to stay these proceedings pending appeal (Docket #46), be and the same is hereby DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion to appoint counsel (Docket #47), be and the same is hereby DENIED.

IT IS FURTHER ORDERED that, pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's amended complaint (Docket #40) and this order are being electronically sent today to the Attorney General for service on the state defendants.

IT IS FURTHER ORDERED that the defendants shall file a responsive pleading to the amended complaint.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2011.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge